## WHITSON v. RACKLEY.

No. 25650.   May 7, 1935.

Withdrawn, Corrected, and Refiled and Rehearing Denied June 11, 1935.

Ben Goff, for plaintiff in error.

Cook & Bingaman, for defendant in error.

CORN, J.   This action was begun in the district court of McClain county, on the 28th day of December, 1931, by B. H. Rackley. defendant in error herein, by petition, which is in words and figures as follows:

"Comes now the plaintiff above named and for his cause of action against the said defendant, alleges and states:

"That the defendant is indebted to the plaintiff in the sum of $281.50 for funeral expenses of Mrs. Ella J. Whitson, mother of the defendant, an itemized statement of which is hereto attached, marked exhibit 'a' and made a part hereof, all of which was furnished by the plaintiff at the special instance and request of the said defendant, who agreed to pay said funeral expense.

"That the said defendant is indebted to said plaintiff, on this account, in the full and true sum of $281.50, with interest thereon at the rate of 6% per annum, from January 19, 1930, until paid, over and above all just counterclaims and set-offs; that payment of said sum has been often demanded but payment has been refused by the defendant." (Omitting the prayer.)

This petition was duly verified.

Defendant thereupon in due time filed his answer, in words and figures as follows:

"Comes now the defendant, Carl Whitson, and for answer to the petition of the plaintiff says:

"1st. That he denies each and every allegation in said petition contained except that which is hereinafter positively admitted to be true.

"2nd. The defendant admits that Mrs. E. J. Whitson, his mother, died upon the date that is named in the petition of the plaintiff, and that he is one of the children of said deceased person, but denies that he ever either orally or in writing ordered from or in any manner purchased a burial casket or anything else of the plaintiff, and defendant further denies that he was present when said burial arrangements were made, or that he had any part in the same.

"3rd. Defendant, further denying the allegations of the petition of the plaintiff, says that the said E. J. Whitson at the time of her death was the owner of 100 acres of land in Garvin county, Okla., and that her estate was never administered upon, and that she left the following named persons as her heirs at law, they being surviving sons and daughters, to wit; Floyd Whitson, John Whitson, George Whitson, Perry Whitson, Clifton Whitson, Mary Bassett, and this defendant, Carl Whitson, and defendant says that if said estate is indebted to the plaintiff for such burial that same should be collected from said estate." (Omitting the prayer.)

This answer was duly verified.

A reply consisting of a general denial was later filed, and thus the issues were joined in the case, upon which the said case proceeded to trial before the court, the parties having waived a jury trial.

Judgment was rendered against Carl Whitson, plaintiff in error, for the sum of $281.50, and defendant appealed to this court.

The parties will be referred to hereinafter as they appeared in the lower court; Rackley, plaintiff, and Whitson, defendant.

The defendant raises two propositions or assignments of error, a combination of both, which seem to be argued under the first and only proposition argued in his brief. The argument is all based around the failure of the court to sustain the motion or demurrer made on the trial of this cause by the defendant at the close of plaintiff's testimony, and that evidence is insufficient to sustain a judgment in favor of the plaintiff and against the defendant.

We will, therefore, make an examination of the evidence to ascertain whether the same is sufficient.

The evidence of Mrs. Bassett is in substance: That she is a sister of the defendant, Carl Whitson; that Carl and the rest of the deceased's children were present the evening of her mother's death. They talked the matter of buying a casket and making funeral arrangements over, and they all decided to have her select the casket and to make other necessary arrangements for the funeral, and it was understood that Carl was to pay the expenses. The testimony of the plaintiff was to the effect that Mrs. Bassett and her brothers George and Perry and Perry's wife came to his place of business and made the selection of the casket, and he talked with all four of them about the payment of the bill, and Perry's wife said Carl had left it to her and Mrs. Bassett about what was to be selected and that he would take care of the expenses, and that he, at that time, made a charge on his books to Carl for the entire amount. He also testified that he had a talk with Carl and told him that his brothers and sister said he would pay the bill, and in reply Carl told him, as soon as he could dispose of the property, he would pay it. In reply to one of the letters written by the plaintiff, the defendant wrote as follows:

"Osage Oil & Royalty Co.
"Leases, Royalty, Drilling Contracts
"428 Liberty Nat'l. Bank Bldg.,
"Oklahoma City, Okla.

"Mr. B. H. Rackley,
"Purcell, Okla.

"Dear Friend:

"You know that I have been unable to pay you for mother's funeral expense, as I

have not made a dime in so long. However, I have a prospect or two to sell the house in Purcell now pretty soon, and of course, if I do, you will get your' money, and sooner 'if I get the money. If you hear of anyone wanting to buy a home in Purcell let me know, as I am more anxious than you to get this off my mind.

"Yours truly,
"Carl Whitson."

We have examined the testimony of the defendant with care, and do not find that he made denial of the claim in any of the conversations with the plaintiff, but in addition to the letter he tried to trade the property in Purcell for the debt, and was not sure that he did not try to trade him the property in Blanchard.

The part of the letter above quoted, "and sooner if I get the money," in our opinion, in connection with all the other facts and circumstances in this case, was sufficient for the trial court to render the judgment rendered in this case.

In examining the evidence in this case, we are greatly impressed with a part of Mrs. Bassett's testimony, to wit:

"Q. I would like for you to tell the court whether or not Carl instructed you to tell Mr. Rackley that he would pay the funeral expenses? A. Well, Carl told me, yes, he was bearing the expenses for mother's sickness and death. Q. When did he tell you that? A. Well, he told it to mother when she was sick."

When a jury has been waived and the cause tried to the court, its judgment will be affirmed if there is any evidence reasonably tending to support the same. We find there is ample evidence in this case to support the judgment of the trial court.

The judgment is, therefore, affirmed.

McNEILL, C J., OSBORN, V. C. J., and BAYLESS and GIBSON, JJ., concur.